COPY

FILED

2014 JAN 21 PM 2:26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

1  JOHN P. KRISTENSEN (SBN 224132)
2  DAVID L. WEISBERG (SBN 211675)
   **KRISTENSEN WEISBERG, LLP**
3  12304 Santa Monica Blvd., Suite 221
4  Los Angeles, CA 90025
   Telephone: 310-507-7924
5  Fax: 310-507-7906
6  *john@kristensenlaw.com*
   *david@kristensenlaw.com*
7
8  *Attorneys for Plaintiff and all others similarly
   situated*

9              **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

11  TODD M. FRIEDMAN,                    ) Case No.
    individually and on behalf of all    )   **SACV14-00096 CJC (RNBx)**
12  others similar situated,             )
13                                       ) **CLASS ACTION**
              Plaintiff,                 )
14                                       ) **COMPLAINT FOR VIOLATIONS**
                                         ) **OF:**
15          vs.                          )
                                         ) (1)  Violations of the Telephone
16  GLOBAL EXCHANGE                      )       Consumer Protection Act, 47
17  VACATION CLUB, and DOES 1            )       U.S.C. § 227, *et seq.*
    through 20, inclusive, and each of   ) (2)  Willful Violations of the
18  them,                                )       Telephone Consumer Protection
19                                       )       Act, 47 U.S.C. § 227, *et seq.*
              Defendants.                )
20                                       )
21                                       )
                                         ) **DEMAND FOR JURY TRIAL**
22                                       )
                                         )
23  _____ )

24  ///
25  ///
26  ///
27  ///
28  ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

CLASS ACTION COMPLAINT

-1-

Plaintiff Todd M. Friedman ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendants GLOBAL EXCHANGE VACATION CLUB ("Defendant" or "Global Exchange") and DOES 1 through 20, in negligently knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business at 26691 Plaza, Suite 100 Mission Viejo, California 92691, in Orange County, California.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. §§ 1391(b) and 144(a) because Defendant does business within the State of California and the County of Orange, where its principal place of business is located. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

## PARTIES

4.     Plaintiff, TODD M. FRIEDMAN ("Plaintiff"), is a natural person residing in California.

5.     Defendant GLOBAL EXCHANGE VACATION CLUB ("Defendant" or "Global Exchange") is a California corporation with its principal place of business at 26691 Plaza, Suite 100 Mission Viejo, California 92691, in Orange County, California.  Global Exchange is registered to do business in California.  Plaintiff is informed and believes that Global Exchange conducted and conducts business in Orange County.

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

8.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each others' acts

CLASS ACTION COMPLAINT

-3-

1    and omissions.

2                        **FACTUAL ALLEGATIONS**

3        9.      Beginning on or around January 6, 2014 at 9:03 a.m. and through at

4    least January 10, 2014 at 9:17 a.m., Defendant contacted, and attempted to

5    contact, Plaintiff on his cellular telephone at (310) 429-9293, in an attempt to

6    communicate with Plaintiff regarding the services of a vacation club and/or time

7    share.

8        10.     Defendant used an "automated telephone dialing system," as

9    defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to

10   communicate with Plaintiff regarding services of a vacation club and/or time

11   share.

12       11.     Defendant's call(s) constituted calls that were not for emergency

13   purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14       12.     Defendant's call(s) were placed to telephone numbers assigned to a

15   cellular telephone service for which Plaintiff incurs a charge for incoming calls

16   pursuant to 47 U.S.C. § 227(b)(1).

17       13.     Defendant contacted Plaintiff from telephone number (310) 237-

18   6325.

19       14.     Defendant never received Plaintiff's "prior express consent" to

20   receive calls using an automated dialing system or an artificial or prerecorded

21   voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

22                         **CLASS ALLEGATIONS**

23       15.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules

24   of Civil Procedure and/or other applicable law, on behalf of himself and all

25   others similarly situated, as a member of the proposed class (hereafter "The

26   Class") defined as follows:

27               All persons within the United States who received any

28               telephone calls from Defendant to said person's cellular

**CLASS ACTION COMPLAINT**

-4-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1  telephone made through the use of any automatic telephone

2  dialing system or an artificial or prerecorded voice and such

3  person had not previously provided express consent to

4  receiving such calls within the four years prior to the filing of

5  this Complaint

6  16.   Plaintiff represents, and is a member of The Class, consisting of All

7  persons within the United States who received any telephone call from

8  Defendant to said person's cellular telephone made through the use of any

9  automatic telephone dialing system or an artificial or prerecorded voice and such

10  person had not previously not provided their cellular telephone number to

11  Defendant within the four years prior to the filing of this Complaint.

12  17.   Excluded from the Class are governmental entities, Defendants, any

13  entity in which Defendants have a controlling interest, and Defendants' officers,

14  directors, affiliates, legal representatives, employees, co-conspirators, successors,

15  subsidiaries, and assigns.  Also excluded from the Class are any judges, justices

16  or judicial officers presiding over this matter and the members of their immediate

17  families and judicial staff.

18  18.   This action is properly maintainable as a class action.  This action

19  satisfies the numerosity, typicality, adequacy, predominance and superiority

20  requirements for a class action.

21  19.   **Numerosity**: The proposed Class is so numerous that individual

22  joinder of all members is impracticable.  Due to the nature of the trade and

23  commerce involved, Plaintiff does not know the number of members in the

24  Class, but believes the Class members number in the thousands, if not more.

25  Plaintiff alleges that the Class may be ascertained by the records maintained by

26  Defendants.

27  20.   Plaintiff and members of the Class were harmed by the acts of

28  Defendant(s) in at least the following ways:  Defendant(s) illegally contacted

CLASS ACTION COMPLAINT

-5-

Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," and to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

21.  **Common Questions of Law and Fact Predominate:**  There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof.  Common questions of fact and law include, but are not limited to, the following:

(a)   Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b)   Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for such violation;  and

(c)   Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

22.  **Typicality:**  Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members.  The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

23.  **Adequacy of Representation:**  Plaintiff will fairly and adequately

CLASS ACTION COMPLAINT

-6-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

1    represent and protect the interests of the Class. Plaintiff has retained counsel

2    with substantial experience in handling complex class action litigation. Plaintiff

3    and his counsel are committed to prosecuting this action vigorously on behalf of

4    the Class and have financial resources to do so.

5        24.    **Superiority of Class Action**: A class action is superior to other

6    available methods for the fair and efficient adjudication of the present

7    controversy. Class members have little interest in individually controlling the

8    prosecution of separate actions because the individual damage claims of each

9    Class member are not substantial enough to warrant individual filings. In sum,

10    for many, if not most, Class members, a class action is the only feasible

11    mechanism that will allow them an opportunity for legal redress and justice.

12    Plaintiff is unaware of any litigation concerning the present controversy already

13    commenced by members of the Class. The conduct of this action as a class

14    action in this forum, with respect to some or all of the issues presented herein,

15    presents fewer management difficulties, conserves the resources of the parties

16    and of the court system, and protects the rights of each Class member.

17        25.    Moreover, individualized litigation would also present the potential

18    for varying, inconsistent, or incompatible standards of conduct for Defendants,

19    and would magnify the delay and expense to all parties and to the court system

20    resulting from multiple trials of the same factual issues. The adjudication of

21    individual Class members' claims would also, as a practical matter, be

22    dispositive of the interests of other members not parties to the adjudication, and

23    could substantially impair or impede the ability of other Class members to

24    protect their interests.

25        26.    Plaintiff and the members of the Class have suffered and will

26    continue to suffer harm as a result of Defendant(s)' unlawful and wrongful

27    conduct. Defendant(s) have acted or refused to act in respects generally

28    applicable to the Class, thereby making appropriate final and injunctive relief

CLASS ACTION COMPLAINT

1  with regard to the members of the Class as a whole.

2  **FIRST CAUSE OF ACTION**

3  (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

4  47 U.S.C. *ET SEQ.*)

5  **(Against All Defendants)**

6  27.  Plaintiff hereby incorporates by reference and re-alleges each and

7  every allegation set forth in each and every preceding paragraph of this

8  Complaint, as though fully set forth herein.

9  28.  The foregoing acts and omission of Defendants constitute numerous

10  and multiple violations of the TCPA, including but not limited to each and every

11  one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

12  29.  As a result of Defendants violations of 47 U.S.C. § 227, *et seq.*,

13  Plaintiff and the Class Members are entitled to an award of $500.00 in statutory

14  damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

15  30.  Plaintiff and the Class members are also entitled to and seek

16  injunctive relief prohibiting such conduct in the future.

17  **SECOND CAUSE OF ACTION**

18  (KNOWING AND/OR WILLFUL VIOLATION OF

19  THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

20  **(Against All Defendants)**

21  31.  Plaintiff hereby incorporates by reference and re-alleges each and

22  every allegation set forth in each and every preceding paragraph of this

23  Complaint, as though fully set forth herein.

24  32.  The foregoing acts and omission of Defendants constitute numerous

25  and multiple knowing and/or willful violations of the TCPA, including but not

26  limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et*

27  *seq.*

28  33.  As a result of Defendants violations of 47 U.S.C. § 227, *et seq.*,

CLASS ACTION COMPLAINT

-8-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

2.     For the first cause of action:

- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

3.     For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

continuing to engage in, the unlawful calls made with automated

dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court

deems just and proper.

Dated:  January 20, 2014          Respectfully submitted,

By:

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**CLASS ACTION COMPLAINT**

-10-

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: January 20, 2014

Respectfully submitted,

By: _____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**CLASS ACTION COMPLAINT**

-11-

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Cormac J. Carney _____ and the assigned Magistrate Judge is _____ Robert N. Block _____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-00096 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ January 21, 2014 _____
Date

By   Lori Wagers _____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Todd M. Friedman, individually and on behalf of all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Global Exchange Vacation Club and Does 1 through 20, inclusive and each of them

**(b) County of Residence of First Listed Plaintiff**  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
John P. Kristensen (CA SBN 224132)
Kristensen Weisberg, LLP
12304 Santa Monica Boulevard, Suite 221
Los Angeles, CA 90025 - Tel. (310) 507-7924

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Exceeds 5.0M

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227, et seq. - Violations of the Telephone Consumer Protection Statute

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:  **SACV14-00096 CJC (RNBx)**

CV-71 (11/13)  CIVIL COVER SHEET  Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No <br><br> If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No <br><br> If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | **A PLAINTIFF?** <br><br> Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** <br><br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN DIVISION |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in **this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                                           DATE:   January 20, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |